JAKE KNOWLES *v.* THE STATE.*

(*Nashville.*   December Term, 1926.)

Opinion filed, February 26, 1927.

**CRIMINAL LAW. Judgment. Plea of guilt. Felony.**

Upon a plea of guilt, where the offense is a felony under sections 7174, Shannon's Code (Sec. 5210, Code 1858) some evidence must be heard as may reasonably affect the judgment of the jury as to the proper degree and extent of the punishment, especially is this true under the maximum (1923) sentence law, applicable to this case.   (Post, p. 182.)

*Headnote 1.  Criminal Law, 16 C. J., section 3012.

FROM SUMNER.

Appeal from the Circuit Court of Sumner County.— HON. J. D. G. MORTON, Judge.

C. H. RUTHERFORD, for plaintiff in error.

The Attorney-General for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff in error was trustee of his county and plead guilty to an indictment charging him with embezzlement of $54,432.91 of tax funds. His punishment was fixed at not less than five nor more than fifteen years in the State Prison.  Of this he complains on the ground

that no evidence was introduced upon which the jury might base the exercise of discretion in determining the period of punishment. The bill of exceptions shows that when the case was first called for trial on the 22nd of September, a continuance was had upon the agreement that unless settlement should be made before October 2nd following a plea of guilty would be entered. It appears that both the presiding judge and Attorney-General understood it to be agreed also that a sentence of from five to twenty years would be accepted, but upon the calling of the case on October 2nd, counsel for the defendant disclaimed having so understood the agreement and insisted that the determination of the punishment should be submitted to the jury. Thereupon the plea of guilty was entered and counsel for the State and the defendant addressed and the judge charged the jury. Some discussion was had before the jury of the disagreement as to the term of punishment, but the judge properly charged that they were to disregard this matter.

However, as before stated, no evidence was introduced. The jury after hearing the charge returned their verdict assessing the punishment.

Shannon's Code, Section 7174, is as follows:

"*Plea of guilty.*—Upon the plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the time of confinement, unless otherwise expressly provided by this Code."

We have no reported case deciding the question thus presented, but the provision that upon a plea of guilty a jury shall be impaneled to *hear the evidence* and fix the time of confinement in felony cases seems clearly to indicate a purpose to vest in the jury the power to exer-

cise a sound discretion impossible of intelligent exercise without a hearing of at least such of the evidence as might reasonably affect the judgment of the jury as to the proper degree and extent of the punishment. And especially is this true under the maximum (1923) sentence law applicable to this case.

While loathe to reverse and remand in a case of such obvious and admitted guilt, we find it necessary to do so for the reasons indicated. It becomes unnecessary to consider other assignments of error.