STATE OF TENNESSEE ex rel. LIMMIE D. BARNES,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, at Nashville , Defendant in Error.

423 S.W.2d 497

(*Jackson,* April Term, 1967.)

Opinion filed January 8, 1968.

720

JOE B. JONES, Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Limmie D. Barnes filed a petition for writ of habeas corpus seeking to void a judgment of conviction for the offense of assault with intent to have carnal knowledge of a female under twelve, for which he was sentenced to

ten years in the State Penitentiary. After an evidentiary hearing, his petition was denied, and he has appealed assigning errors which raise three questions: (1) Whether, after he had signed a written statement requesting the court to accept his plea of guilty, and this request had been accepted and he did plead guilty, his federal constitutional rights were violated when the only evidence submitted to the jury to fix his sentence was a summary of the evidence against him by the District Attorney-General; (2) Whether the plea of guilty was involuntarily made; (3) Whether petitioner was denied the benefit of competent counsel.

Petitioner was indicted on March 1, 1966 for the offense of carnal knowledge of a female under twelve. On March 3, 1966, he was arraigned on the aforesaid offense and entered a plea of not guilty. On September 23, 1966, petitioner, while represented by the Shelby County Public Defender's Office, presented to the court a written "waiver of trial and request for acceptance of the plea of guilty", and upon its acceptance by order of the court, entered a plea of guilty. A statement of the evidence was then presented to the jury, and the jury fixed petitioner's punishment at ten years in the penitentiary.

Shortly after being transferred to the penitentiary, Barnes filed a habeas corpus petition alleging that he was arrested without a warrant; that he was questioned by Memphis police officers while being transported from Ripley, Tennessee, (where he had been arrested), to Memphis, without being warned of his constitutional rights; that after his arrival in Memphis, he was further questioned by police officers and was beaten until he gave officers a statement concerning the offense; that he was confined for some weeks without the benefit of an at-

torney; that he was not confronted with the witnesses against him either at his preliminary hearing or his trial; that his coerced statement was introduced before the jury which was sitting to fix his punishment; and that the attorney appointed to represent him failed to make any investigation of the charges against him or of the alleged coercion by the police officers. In an amended petition it was alleged that the only evidence presented to the jury to fix petitioner's punishment was a statement by the assistant district attorney.

An evidentiary hearing was conducted before Circuit Judge Ben L. Hooks, on March 16, 1967. The petition was denied Judge Hooks' finding: That the petitioner was not beaten or mistreated by police officers; that he was not coerced to sign a confession; that no confession was used against petitioner; that petitioner was represented by capable and conscientious counsel; that a satisfactory investigation of the case and proceedings against petitioner was made by his attorney; that the attorney was successful in negotiating a minimum sentence for the offense on which petitioner was charged; that petitioner's plea of guilty was freely and voluntarily entered after he was examined by his attorney and the trial judge with regard to whether the plea of guilty was voluntarily made; and that neither the petitioner nor his counsel offered any objection to the statement of the facts made by the assistant attorney-general to the jury.

Petitioner testified at the evidentiary hearing that he was arrested by a deputy sheriff in Ripley; that he was transported to Memphis by two police officers; that during this trip he was questioned and when he failed to provide his questioners with any statements they in-

formed him that when he got back to Memphis he would tell them what they wanted to know; that after being placed in the Memphis jail he was struck three times with something which he could not identify or describe; that he signed some papers given to him by his attorney but no one explained to him what these papers were and he did not know their contents; that he entered a plea of guilty because the public defender told him if he went to trial he would receive twenty-five years. He stated that he gave the officers no statement while he was in the car and that his objection to counsel representation was that his attorney told him to plead guilty thus providing him no choice.

Petitioner admitted that he remembered the trial court questioning him with regard to his waiver and entry of his plea of guilty and further that he remembered saying it was an act of his own free will and did not involve any "pressure".

Although petitioner stated no testimony was offered at the time the plea was submitted to the jury, it is clear he does not remember the particulars of that proceeding.

Lt. D. W. Williams of the Memphis Police Department, testified that he and another officer transported petitioner from Ripley to Memphis; that petitioner was advised of his rights prior to being returned to Memphis; that petitioner began talking about the offense immediately after being brought from the Tipton County Jail and continued to make statements at the Memphis Police Headquarters, practically "gushing out" his statement; and that petitioner was not beaten, nor mistreated in any way.

Mr. Edward Draper of the Public Defender's Office testified that he represented petitioner; that he conferred with petitioner some two or three times, after the withdrawal of Mr. Sam F. Cole, Jr., as petitioner's retained counsel; that the first offer by the State was for twenty or twenty-five years, but that he succeeded in having this reduced to ten years; that he received copies of the statements petitioner made to the Memphis Police officers; that he remembers petitioner stating that these statements had been coerced; but that this was a frequent complaint by persons represented by the Public Defender's Office and that he was unable to develop any concrete proof with regard to petitioner's statements. Mr. Draper further testified that he fully informed petitioner of the possibility of acquittal at the trial; that he also informed petitioner of the maximum sentence involved for this offense; that he explained that ten years was the minimum sentence; and that both he and the trial judge explained the waiver of trial and plea of guilty to the petitioner.

Mr. Draper further stated that his investigation consisted only of talking to the petitioner and that he did not talk to either the victim or the police officer. He testified that the district attorney explained the facts to the jury and that if any objectionable statement had been made by him he would have offered an objection.

The trial judge stated that he recalled asking the petitioner if he desired to make any statement regarding coercion by the police officers.

The assignments of error made here may be summarized as follows:

1. That petitioner's conviction is void because evidence was not presented to the jury to allow the fixing of punishment as required by T.C.A. sec. 40-2310; that statements by the district attorney should not be considered as evidence; and that failure to object to these statements should not be considered as a stipulation or as working an estoppel against petitioner.

2. That petitioner was denied benefit of competent counsel, and

3. That petitioner's conviction was a result of an involuntary plea of guilty.

The first issue presented to the court concerns the application of T.C.A. sec. 40-2310 i.e., presentation of evidence to the jury to fix a sentence on a plea of guilty.

Tennessee Code Annotated, sec. 40-2310 provides as follows:

*"Fixing penalty on plea of guilty.*—Upon the plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the time of confinement, unless otherwise expressly provided by this Code."

The only case we have discussing this Code section is *Knowles v. State,* 155 Tenn. 181, 290 S.W. 969 (1927), where we reversed because no statement of the facts which was either expressly or implicitly agreed upon was presented to the jury. But to the contrary, summarized statements of the facts were submitted to the jury by each side. We held, under those circumstances, that the statute had not been complied with and reversed for a new trial. The Knowles case has no application here, as in that case no agreed statement of the facts was made on

which the jury could act; and the question there was whether this non-compliance with the statute was a legal error for which the court would reverse for a new trial. There was no question in that case, as here, with respect to voiding a final and presumptively valid judgment because of a procedural, non-constitutional error with respect to evidence.

It is recognized in this State, as in all jurisdictions, that a plea of guilty must be made voluntarily and with full understanding of its consequences. In *Brooks v. State,* 187 Tenn. 67, 72, 213 S.W.2d 7, 9 (1945), we said:

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice with full understanding of the consequences."

The general rule is to the same effect:

"In general, a plea of guilty in a criminal case is not evidence and does not create evidence; but it does dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt, or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence." 22 C.J.S. Criminal Law sec. 424 (4).

We paraphrase, as accurately stating the law, the following from the State's Reply Brief. That both

the assistant district attorney and counsel for petitioner were officers of the court and owed the duty to the court and to the jury to submit accurate information to both with regard to the offenses; that the duty was owed by defendant's counsel to object to any misstatement of fact or mistake with regard thereto with respect to the charge; that the trial judge had to be satisfied with the statement of the case to the jury and approve the recommendation of the punishment, and he was so satisfied and did so approve; that petitioner and his counsel were present at the time the statements were made to the jury and in fact were the moving parties in securing an agreement with the district attorney-general, and in asking that the plea of guilty be accepted. So that when petitioner and his counsel made no objection to the statement of facts made to the judge and jury either for insufficiency or mistake, knowing that the facts were being stated to the jury as a basis upon which the jury was to act upon the plea of guilty, and knowing and understanding further, that on the basis of the statement of fact the petitioner was to receive the minimum sentence, which might reasonably have been longer if the child he was charged with raping had been brought before the jury, the petitioner is estopped in this collateral proceeding from relying upon the objection the statute was not complied with.

■ Moreover, there is no per se violation of a federal or state constitutional right by non-compliance with the strict terms of the statute. Clearly, no federal constitutional right is presented, because there is no similar requirement in federal criminal proceedings nor in those of most other jurisdictions.

At best, petitioner is presenting a question of how evidence shall be presented, whether by a statement made under circumstances amounting to a stipulation by estoppel, or in some other manner.

In the case of *McCord v. Henderson,* 384 P.2d 135, (Opinion by O'Sullivan, J., October 25, 1967, 6th Cir.Ct.), that Court stated relative to T.C.A. sec. 40-2310 as follows:

"The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional rights. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution. *Snowden v. Hughes,* 321 U.S. 1, 11, 64 S. Ct. 397, 88 L.Ed. 497, 504 (1944); *Beck v. Washington,* 369 U.S. 541, 554-555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); *Townsend v. Sain,* 372 U.S. 293, 311-312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)."

While we indulge every reasonable presumption against waiver of fundamental constitutional rights and do not presume acquiescence in the loss of fundamental

rights, we find in the present case that petitioner and his counsel intentionally relinquished or waived the presentation of evidence by the injured party to the jury under T.C.A. sec. 40-2310.

On the subject of waiver it has been noted that:

"As a general rule, subject to certain exceptions, any constitutional or statutory right may be waived if such waiver is not against public policy. In fact, the trend of modern authority is in favor of the doctrine that a party in a criminal case may waive irregularities and rights, whether constitutional or statutory, very much the same as in a civil case. Some jurisdictions, however, regard certain rights as nonwaivable in capital cases, or even in felony cases generally. * * *

"Where a constitutional right accorded the accused is treated as waivable, it may be waived by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." 21 Am.Jur.2d Criminal Law, sec. 219.

*State ex rel. Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841, 91 A.L.R. 1246 (1933), states:

"A party may waive any provision of a contract, statute, or constitution intended for his benefit. Bouvier & Anderson's Law Dictionaries. These and other textbook authorities follow the language of Mr. Justice Strong in the early case of *Shutte v. Thompson,* 15 Wall. 151, 159, 21 L.Ed. 123, 'a party may waive any provision, either of a contract or of a statute, intended for his benefit.' So, it was said in a leading case, *In re Cooper,* 93 N.Y. [507], 512, 'It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, and that having

once done so he cannot afterward ask for is protection. (*Lee v. Tillotson,* 24 Wend. [N.Y.], 337 [35 Am. Dec. 624]; *Embury v. Conner,* 3 N.Y. 511 [53 Am.Dec. 325]; Cooley's Const. Lim. 181.) The appellant is in this position. He participated as an actor in procuring the order which he now seeks to set aside, and took his chance. * * * To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter and consent to the order. By this consent he must be deemed to have made his election and should be held to it.' " 166 Tenn. 692-693, 64 S.W.2d 848.

We agree with the State's argument that analogous to the instant case is the right given in T.C.A. sec. 24-103, providing that neither husband nor wife "shall testify as to any matter that occurred between them by virtue of or in consequence of the marital relation". This rule is applicable in criminal cases. *Norman v. State,* 127 Tenn. 340, 155 S.W. 135, 45 L.R.A.,N.S., 399 (1912). We have consistently held however, that if no objection was taken to such evidence in the court below, none can be taken here. *Hunt v. Hunt,* 169 Tenn. 1, 80 S.W.2d 666 (1935); *Gunn v. Mason,* 34 Tenn. 637 (1855). Either statutory right can be waived.

The argument that it is customary to have the summary of the evidence presented to the jury before it is sworn in order that any juror who does not agree with the proposed sentence may be excused and replaced by a juror who will accept the recommendation has no application here as there is no showing any such thing occurred in this case.

The evidence preponderates against the contention petitioner was not represented by competent coun-

sel at the time he entered his plea of guilty, because counsel failed to investigate fully his case. The trial court found as a fact that petitioner was represented by a capable and conscientious attorney. This attorney was a member of the Public Defender's Office, and experienced in appearing in criminal cases. We do not think he can be charged with incompetency on the bare fact that he did not interview the alleged injured female. He conferred fully with defendant. There is no suggestion that seeing the child or her parents would have been fruitful of anything in petitioner's favor which could have served to free him, reduce the crime for which he was charged, or resulted in a lesser sentence. We think that in this case, where, as a result of conferences with the defendant on two or three occasions, and consideration of the evidence in the hands of the police, it is the judgment of counsel who is ordinarily conscientious and capable that a plea of guilty and acceptance of the minimum sentence is indicated, and this also the opinion and decision of the defendant, who knows better than anyone else whether he is guilty, the judgment ought not be set aside for failure to go through the fruitless formality of trying to talk to the child and her parents. Especially, since petitioner alleged that he would show that the child he was charged with raping had "made it clear that he did not molest her in any way, and that the public defender did not conduct an investigation into the circumstances surrounding the offense," but made no effort at the habeas corpus hearing to introduce either affidavits or evidence to this effect.

█ Petitioner's contention his trial counsel was incompetent because he made no attempt to investigate petitioner's claim his statements had been coerced is

overruled because as a matter of fact, as found by the trial judge, petitioner was not mistreated in any way and so his statement was not coerced, and from the record it is clear there is no way counsel could have proved to the contrary. There is no evidence the petitioner gave any outward evidence of any physical mistreatment. Moreover, although he was represented at this time by retained counsel, who was later excused, this counsel was not called to give any evidence with respect to petitioner's claim to physical mistreatment or as to whether there was any evidence of such mistreatment on petitioner's face or body, or any complaint thereof.

Finally, when petitioner asked the trial court to accept his plea of guilty, he was questioned fully with respect to the basis for his plea of guilty, whether voluntary or otherwise, and satisfied a conscientious trial judge that his plea of guilty was entirely voluntary. So on authority of *Gray v. Johnson,* 354 F.2d 986 (6 Cir.1965), we overrule this contention.

While it is recognized that the plea of guilty must be entirely voluntary, intelligently and understandingly made, and not the product of coercion, deception or trick, *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Scott v. United States,* 349 F.2d 641 (6th Cir. 1965); *Olive v. United States,* 327 F.2d 646 (6th Cir.1964), certiorari denied 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740 we are of opinion petitioner's plea of guilty met the requirements of these cases.

■■■ On the credible evidence, that accepted by the trial judge who had the advantage of observing the witnesses, we have a simple case where a child had been raped and Barnes was charged with doing it. He was ar-

rested on the charge in Ripley, Tennessee and held for return to Memphis to answer the charge. On the return trip, after being warned of his full constitutional rights, as is often the case he gushed forth a full confession evidently hoping that this show of cooperation on his part would result in his receiving less than the maximum punishment. After he was confined in the Memphis jail he reduced his statement to writing. Thereafter, he retained private counsel, who was later excused for reasons which do not appear but evidently arose out of Barnes' indigency. He was then furnished an experienced trial attorney from the Shelby Public Defender's Office, who conferred with him on two and possibly three occasions, after which Barnes freely and voluntarily and knowledgeably moved the court to permit him to plead guilty. This motion was accepted by the court. This was done on Barnes' part after his counsel and the district attorney general had agreed to recommend to the court and to the jury that his punishment be fixed at the minimum. In carrying out this understanding and agreement which had been worked out by his attorney, as a part of the implementation thereof, instead of calling the child who was raped, which could have inflamed the jury and resulted in its refusing to agree to the minimum sentence of ten years, a statement of the facts relied on for a conviction was made to the jury by an assistant district attorney in the presence of the defendant and his retained counsel, and with their implicit approval of his conduct and of his statement. Thereafter the jury accepted the recommendation of the attorney-general and returned a verdict of guilty, based on the statement of the district attorney-general and the defendant's plea of guilty, which in and of itself was enough as a matter of law to support the conviction, fixing petitioner's sentence

at the minimum of ten years. These being the salient facts, there is simply no state or federal constitutional or fundamental jurisdictional basis for voiding the judgment of conviction against petitioner. The assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.