# FRED INGRAM, JR., Petitioner, v. C. MURRAY HENDERSON, Warden, Respondent.

## 454 S.W.2d 167.

Court of Criminal Appeals of Tennessee. Feb. 16, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Hugh W. Stanton, Jr., Walker Gwinn, J. Frank Hall, Memphis, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

MITCHELL, Judge.

Fred Ingram, Jr., the petitioner below indigent and represented by court appointed counsel has appealed the dismissal of his petition without an evidentiary hearing, from the Criminal Court of Shelby County, Tennessee, Honorable Perry H. Sellers, Judge, presiding.

Fred Ingram, Jr., was indicted by the grand jury of

Shelby County on August 9, 1966, on a charge of murder in the first degree of Robert K. Shaff, Jr., while in the perpetration of a robbery July 11, 1966.

August 30, 1966, because petitioner was unable to employ counsel, the court appointed the Public Defender to represent him.

On January 9, 1967, Fred Ingram, Jr., the petitioner, executed a petition for waiver of jury trial and request for acceptance of plea of guilty which was signed by him and his counsel, J. Frank Hall. In the petition for plea of guilty the petitioner alleged that he had received a copy of the indictment, had read and discussed it with his attorney and felt that he understood the accusation. That he had told his attorney the facts and circumstances known to him concerning the indictment and that his attorney had informed him the nature and cause of the accusations and as to possible defenses, and as to the punishment for the offenses charged in the indictment. That his attorney had informed him the punishment provided for the offense was death by electrocution, life imprisonment, or not less than 20 years and that if the plea of guilty was accepted by the court and jury his sentence would be 50 years in the penitentiary.

That it had been fully explained to him and he understood that if he chose to do so he could plead not guilty and would be provided with a speedy public trial by the jury, and the right to see and hear the witnesses against him, and to have the benefit of the power of the court to bring witnesses in his favor, that in the exercise of his own free will and choice without any threats or pressure of any kind or promises of gain or favor from any source and being fully aware of the action he was taking he did

in open court request the court to accept his plea of guilty and he did waive any right to a motion for a new trial and appeal.

Following the petition for a plea of guilty the record shows a certificate by the trial judge that he had questioned the defendant and his counsel in open court on the requests for plea of guilty: "It appearing to the court after careful consideration that the defendant herein has been fully advised and understands his right to a trial by jury on the merits of the indictment against him and that the defendant herein does not elect to have a jury determine his guilt or innocence under a plea of not guilty; and has waived the formal reading of the indictment; and, it further appearing to the court that the defendant intelligently and understandingly waives his right to a trial and of his own free will and choice and without any threats or pressures of any kind or promises other than the recommendation of the State as to the punishment; and does desire to enter a plea of guilty and accept the recommendation of the State as to the punishment and waives his right to a motion for a new trial and/or appeal."

The minutes of the court show that the petitioner represented by counsel pleaded guilty. That a jury was sworn and made a finding that Fred Ingram was guilty of murder in the first degree and fixed his punishment at confinement in the penitentiary for 50 years upon which sentence the court pronounced judgment.

On January 31, 1969, Fred Ingram, Jr., filed in the Criminal Court of Shelby County, his petition for post-conviction relief in which he moved the court to vacate and set aside the conviction of murder in the first degree

and sentence of 50 years in the penitentiary which he alleged was upon a void plea of guilty.

He alleged that he is being unlawfully and unconstitutionally imprisoned and restrained of his liberty in violation of the constitutions of Tennessee and of the United States.

He alleged that a prior petition for writ of habeas corpus styled Fred Ingram, Jr., Petitioner v. State of Tennessee, Respondent, No. HC-397 on October 23, 1968, was denied by this court, but that said petition was not adequately prepared and that this present petition is the first application for post-conviction relief he has filed under the newly enacted Post-Conviction Procedure Act.

The complaints made and the grounds alleged in this post-conviction petition are as follows: (1) There was no material evidence to support the verdict as to murder in the first degree. That there was no hearing before the trial jury as to the merits of the case upon the plea of guilty and no finding of guilty and fixing the penalty as required by T.C.A. §§ 40-2310 and 39-2404, that no competent evidence was introduced. (2) That the confession which was used against him was obtained by the officers while he was in a state of fear without the presence of counsel and without being advised of his constitutional rights in violation of the constitution of Tennessee and the United States. (3) That the shot gun used in evidence against him was obtained by an unlawful search. (4) That he was deprived of a fair and impartial trial because women were systematically excluded from the petit jury which tried his case. (5) That the statute

T.C.A. § 39-2405 which fixed the punishment for murder in the first degree is invalid and unconstitutional because of the death penalty provisions which places a burden on those accused of that offense and encourages defendants to plead guilty in order to avoid risking the death penalty that he was forced against his will to "cop-out" and plead guilty to charge of murder in the first degree for the fixed sentence of 50 years in the penitentiary through his court appointed counsel and the prosecuting attorney to avoid the death penalty. (6) That he was denied and deprived of his right to file a motion for a new trial and appeal.

We consider the assignments of error in the following order:

■ (1) No evidence was presented to the jury as required by T.C.A. § 39-2404. This assignment must be overruled because a voluntary plea of guilty understandingly entered waives the right to have a jury find the degree of crime and fix the punishment.

■ The right to have the jury hear the testimony to determine the degree of murder is statutory and does not rise to constitutional dimension. It is clearly waivable.

■ Our Supreme Court and this Court have held that a plea of guilty dispenses with evidence, that evidence is not required to proceed with judgment on a plea of guilty. After pleading guilty, the accused ordinarily cannot raise the question as to the sufficiency of the evidence. 22 C.J.S. Criminal Law § 424(1); State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497.

In Judge Oliver's opinion in James L. Burger v. State, McMinn County filed December 31, 1969, it was held:

"Equally misconceived is the contention that, contrary to T.C.A. sec. 40-2310, no evidence was presented to the jury following the petitioner's pleas of guilty. In State ex rel. Edward Edmondson v. C. Murray Henderson, 220 Tenn. 605, 421 S.W.2d 635, in rejecting the same insistence, the Court said:

'Although T.C.A. § 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71; McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967.' "

In Ground (2) that his confession was obtained in violation of his constitutional rights in that the Miranda rule was not observed.

In Ground (3) complaint is made that part of the evidence, to wit; a shot gun used in evidence against him, was obtained by an illegal search.

Grounds (2), (3) and (4) are here considered together for clarity and convenience in citing authorities.

We hold that assignments (2), (3) and (4) have been waived by a knowledgeable, voluntary and understandable plea of guilty entered by the petitioner, after his rights had been fully and carefully explained to him by his counsel and with commendable caution and patience by the trial judge. In support of this holding we cite the following quotations from Burger v. State, supra.

"The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir. 1967); Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); McCord and Anglin v. Henderson, 384 F.2d 135 (6th Cir. 1967); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

"Following inexorably from the rule that a voluntary and knowledgeable plea of guilty waives all prior non-jurisdictional and procedural defects and constitutional infirmities, if any, such a plea also constitutes a waiver of alleged prior involuntary custodial confessions or admissions. A guilty-plea conviction is based entirely upon the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Brooks

v. State, 187 Tenn. 67, 213 S.W.2d 7; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; Reed v. Henderson, supra; Kercheval v. U. S., 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroada [Machibroda] v. U. S., 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Having entered such a plea, the accused may not thereafter raise and rely upon such constitutionally inadmissible confessions in a habeas corpus or post-conviction proceeding. Reed v. Henderson, supra. 'Conviction and sentence following a plea of guilty are based entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities.' Reed v. Henderson, supra.

"It must follow as a necessary corollary of this familiar principle that a voluntary and knowledgeable plea of guilty also constitutes a waiver of alleged irregularities in the formation and composition of the jury."

■ ■ Ground (5) that T.C.A. § 39-2406 fixing the death penalty for murder in the first degree is unconstitutional and that the fear of death by electrocution unfairly influenced him to plead guilty to avoid risking the death penalty. This assignment (5) has no merit. Except for a brief interim, death either by hanging or electrocution, has been for generations one of the penalties which the law provided for murder in the first degree. We do not think the statute which provides the death penalty is unconstitutional, nor do we believe that whatever influence the prospect of the death penalty had on petitioner's decision it was not sufficient in law to render the conviction void.

The petitioner has cited no authorities in support of this assignment and none have been found by us which would uphold his contention.

Assignment (6) alleged he was deprived of his right to make a motion for a new trial and appeal.

There is no merit in this contention. He waived his right to appeal when he entered a voluntary knowledgeable and understanding plea of guilty. McInturff v. State, 207 Tenn. 102, 338 S.W.2d 561.

The assignments of error are overruled and the judgment is affirmed.

Our thanks go to court appointed counsel for able and steadfast representation of petitioner's rights and interests in this case.

RUSSELL and HYDER, JJ., concur.