JUNIE M. ELLIS, Petitioner, v. STATE OF
TENNESSEE, Respondent.—470 S.W.2d 22.

March 18, 1971.

Certiorari Denied by Supreme Court July 19, 1971.

Robert M. Stivers, Jr., Knoxville, for petitioner.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, for respondent.

DWYER, J.  Junie M. Ellis, prisoner-petitioner, appeals from the judgment of the Knox County Criminal Court in dismissing his petition for post conviction relief. He is serving a sentence of not more than three years as a result of his conviction on his guilty plea to committing the offense of burglary in the third degree. At his guilty plea hearing he was represented by retained counsel. In this record he is represented by court-appointed counsel who was given leave to amend the petition that had been filed.

In his petition as amended he alleged the following grounds seeking to have his judgment of conviction set aside as being constitutionally unsound: (1) The confession was illegally obtained and used against him; (2) His home and automobile were illegally searched and the evidence was used against him; (3) He was arrested without a warrant; (4) His guilty plea was not freely and voluntarily entered; (5) Petitioner was not represented by adequate and effective Counsel; and (6) Said retained counsel did not move for an appeal.

In the record, and marked as an exhibit, there is found a form styled "Plea of Guilty" which reflects that the

defendant entered a guilty plea through retained counsel after being advised by the court as to his constitutional rights. This form was executed on October 15, 1969, and signed both by the defendant and his retained counsel.

There is further found in the record a transcript of the proceedings had in open court when petitioner entered his plea of guilty through retained counsel. A fair reading of this transcript reveals that the trial court explained to the defendant all of his rights; that defendant acknowledged the full spectrum of punishment, waived the right to a trial and the right of appeal in the event of conviction flowing therefrom; and that retained counsel had also informed him of all of his rights. We do not have a silent waiver of his rights in this record. A reading of the transcript further convinces us of the overwhelming evidence of the guilt of the petitioner developed therein.

In Ingram v. Henderson, Tenn.Cr.App., 454 S.W.2d 167, 170, the following language may be found:

"The rule has long been firmly estabished and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisditional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir. 1967); Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); McCord and Anglin v. Henderson, 384 F.2d 135 (6th

Cir. 1967); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

"Following inexorably from the rule that a voluntary and knowledgeable plea of guilty waives all prior non-jurisdictional and procedural defects and constitutional infirmities, if any, such a plea also constitutes a waiver of alleged prior involuntary custodial confessions or admissions. A guilty-plea conviction is based entirely upon the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; Reed v. Henderson, *supra;* Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroada [Machibroda] v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Having entered such a plea, the accused may not thereafter raise and rely upon such constitutionally inadmissible confessions in a habeas corpus or post-conviction proceeding. Reed v. Henderson, *supra.*"

In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the Supreme Court of the United States, in reversing the conviction of Boykin, found so "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty."

The record herein amply, reflects that petitioner voluntarily. intelligently and through retained counsel entered his guilty plea waiving trial by jury and his right to appeal from any conviction flowing therefrom, the right

to call witnesses and the right of confrontation. He was fully aware of the punishment he was to receive.

He has not supported by any facts his allegation that his retained counsel was ineffective. The fact of the matter reveals the opposite, with defendant receiving the minimum punishment for the crime he pled guilty to committing. His actions cannot in any manner be construed as State action or such as to make the proceedings a sham and a mockery of justice.

■ He has alleged no factual basis necessitating a hearing on the conclusory allegations found in his petition which were repudiated by the record at his guilty plea hearing. He has and did participate as an actor in the proceedings at the guilty plea hearing. The very purpose served by the transcript being made at the guilty plea hearing is to enable the court to review the proceedings had. The court then is able to look to this record and determine the merits or non-merits of petitioner's contentions. In the absence of such a transcript the court would have to utilize its fact finding function to make that determination.

■ A trial court is empowered to dismiss a petition for post conviction relief when the files and the record show conclusively he is entitled to no relief. See Floyd v. State, Tenn.Cr.App., 453 S.W.2d 418; Burt v. State, Tenn.Cr. App., 454 S.W.2d 182.

■ The judgment of the trial court in dismissing the petition as amended without an evidentary hearing is affirmed.

Oliver and O'Brien, JJ., concur.