IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

## JERRY MITCHELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 2001-A-279     Steve Dozier, Judge**

---

**No. M2003-00059-CCA-R3-PC - Filed April 13, 2004**

---

Jerry Mitchell appeals from the Davidson County Criminal Court's denial of his petition for post-conviction relief, in which he claimed that his guilty plea to the offense of attempted first degree murder was involuntary because his attorney erroneously advised him that he would serve only three years of his fifteen year sentence. The lower court found that the petitioner failed to prove his claim by clear and convincing evidence and denied relief. Because the petitioner has not carried his appellate burden of demonstrating error in the lower court's ruling, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Cynthia F. Burns, Nashville, Tennessee, for the Appellant, Jerry Mitchell.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

At the hearing conducted below, the petitioner testified that his attorney during the conviction proceedings advised him that if he accepted the guilty plea agreement for a fifteen year sentence offered him, he would be released from prison in two to three years if he did not cause disciplinary problems in prison. Based upon this representation, the petitioner pleaded guilty. The petitioner's former attorney testified that he did not so advise the petitioner. Thus, the issue before the lower court was one of credibility determination as between the two witnesses, which the court resolved adversely to the petitioner.

In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

When the accused opts to plead guilty, the plea must be voluntarily, understandingly, and knowingly entered to pass constitutional muster. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969). In Tennessee, a plea must be made voluntarily and with full understanding of its consequences. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993); *State ex rel. Barnes v. Henderson*, 220 Tenn. 719, 727, 423 S.W.2d 497, 501 (1968). Entry of a guilty plea constitutes a waiver of constitutional rights including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1714. Waiver of constitutional rights may not be presumed from a silent record. *Id.*, 89 S. Ct. at 1714.

In determining whether a plea of guilty was voluntarily, understandingly, and intelligently entered, this court, like the trial court, must consider all of the relevant circumstances that existed at the entry of the plea. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). Our supreme court has identified several relevant factors in determining whether a plea is voluntary and intelligent:

> [A] court charged with determining whether those pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Wallen v. State*, 863 S.W.2d 34, 38 (Tenn. 1993).

Having reviewed the appellate record before us, we are not persuaded that the evidence preponderates against the lower court's determination that the petitioner entered a knowing, voluntary, and understanding guilty plea. The petitioner's former counsel testified that he did not advise the petitioner that he would serve only two or three years in prison if he accepted the plea agreement. Because that evidence is of record, we are not free to revisit the underlying determination that this testimony from former counsel was credible and the contrary testimony of the petitioner was not.

Additionally, we have examined the transcript of the guilty plea proceedings, and there is no indication that the petitioner entered a guilty plea that was anything less than voluntary,

understanding, and knowing.  The petitioner acknowledged waiver of his rights and understanding of the conviction and sentence he was accepting.  Nothing in the guilty plea proceedings themselves causes us to question the voluntariness of the petitioner's guilty plea.

Accordingly, the petitioner has not demonstrated that the lower court erred in denying post-conviction relief.  We therefore affirm that court's judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE