IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2004 Session

## MONOLETO D. GREEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-52471      Don Ash, Judge**

---

### No. M2003-00998-CCA-R3-PC - Filed April 14, 2004

---

Monoleto D. Green appeals from the Rutherford County Circuit Court's denial of his petition for post-conviction relief. He claims that he did not receive the effective assistance of counsel in the conviction proceedings and, as a result, his guilty plea was involuntary. Because he has failed to demonstrate error in the lower court's ruling, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

R. Steve Waldron, Murfreesboro, Tennessee, for the Appellant, Monoleto Green.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Jennings Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Charged with two counts of sale of cocaine and one count of sale of a counterfeit substance, the defendant entered into a settlement agreement whereby the charges would be disposed of via his guilty plea to one count of sale of cocaine, and he would receive a sentence of three years as a Range I offender, to be served on probation except for 30 days of jail confinement. At the time of the plea, the defendant had accumulated enough jail credit that the net effect was his immediate release from confinement.

Thereafter, the defendant became disenchanted with the disposition and filed this post-conviction action. He alleged that counsel had not adequately represented him in the earlier

proceedings and that as a result, he had entered a guilty plea even though his true desire was to go to trial in order to demonstrate his innocence.[1]

At the post-conviction hearing, the petitioner testified that his court-appointed attorney never met with him prior to the day he submitted his guilty plea. He claimed that counsel and he had not seen eye-to-eye because the petitioner wanted counsel to make efforts to have his bond reinstated and wanted to go to trial, but counsel simply pursued plea negotiations with the state. The petitioner claimed he realized the futility of trying to get counsel to pursue the strategies he was advocating, so he ultimately capitulated and accepted a plea agreement which would allow him to be released from jail. The petitioner claimed that he was confused and scared on the date of the plea hearing and that he did not recall some things that the transcript of the plea hearing reflected as having transpired. The petitioner denied knowing that the state's informant was an unreliable witness whom the state did not intend to call should the matter proceed to trial, and he denied having heard the prosecutor say so at the plea hearing. He claimed counsel had not explained the plea agreement to him and merely told him where to sign the plea document. With respect to the underlying charges in the conviction proceedings, the petitioner made much of the fact that he felt he had been entrapped by the informant, even though he admitted exchanging cocaine on two occasions and a counterfeit substance on a third occasion with the informant for money.

The petitioner's former counsel testified that he thought, but could not be sure, he met with the petitioner at the jail prior to the day on which the petitioner entered his guilty plea. He testified that during that jailhouse meeting, he told the petitioner that a motion to reinstate bond could be made at the next court date. Counsel admitted he had talked to an assistant district attorney but had not interviewed the informant or the police officer involved in the petitioner's cases. However, he claimed that this was not unusual at this point in the proceedings given that the petitioner had admitted twice delivering cocaine. Counsel testified that he talked to the petitioner about the facts of his case and the petitioner's defense theory. He conferred with the petitioner and an assistant district attorney several times and ultimately negotiated a plea agreement that was satisfactory to both the petitioner and the state. He explained the agreement to the petitioner. He likewise discussed the petitioner's prior convictions with him.

The transcript of the petitioner's guilty plea hearing was received as an exhibit at the post-conviction hearing. It reflects that the petitioner was advised of his rights, waived them on the record, and acknowledged understanding his plea and its consequences. It likewise reflects that the state's informant in the cases had credibility blemishes via convictions for tampering with and destroying evidence and robbery, and the state did not intend to call this witness should the petitioner exercise his right to trial.

At the conclusion of the post-conviction hearing, the lower court found that the petitioner failed to prove his claims by clear and convincing evidence. The court made specific

---

[1]The petitioner raised various other allegations in his *pro se* petition; however, he did not pursue those issues at the post-conviction hearing, and he has not raised them on appeal. We consider them abandoned.

findings that counsel's performance was adequate in the circumstances and that the petitioner's guilty plea had been knowing and voluntary.

In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

First, the petitioner claims error in the lower court's ruling that he received the effective assistance of counsel in the conviction proceedings. When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). Because a petitioner must establish both deficient representation and prejudice therefrom, relief may be denied when proof of either is deficient. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

Upon review of the record before us, we are not persuaded that the evidence preponderates against the lower court's determination that counsel's performance was adequate in the circumstances. The lower court accredited the testimony of counsel that he conferred with the petitioner about the facts of the case, defense theories, and the plea agreement. It likewise accredited the transcript of the plea hearing, at which the petitioner voiced understanding of the plea agreement and satisfaction with his attorney. The court discredited the petitioner's post-conviction testimony to the contrary. Such was its prerogative as the trier of fact. Thus, the petitioner has failed to carry his appellate burden of demonstrating error in the lower court's ruling in this regard.

The petitioner also challenges the voluntariness of his guilty plea. When the accused opts to plead guilty, the plea must be voluntarily, understandingly, and knowingly entered to pass constitutional muster. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969). In Tennessee, a plea must be made voluntarily and with full understanding of its consequences. *State v. Neal*, 810 S.W.2d 131, 134-35 (Tenn. 1991); *State ex rel. Barnes v. Henderson*, 220 Tenn. 719, 727, 423 S.W.2d 497, 501 (1968). Entry of a guilty plea constitutes a waiver of constitutional rights including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1714. Waiver of constitutional rights may not be presumed from a silent record. *Id.*

In determining whether a plea of guilty was voluntarily, understandingly, and intelligently entered, this court, like the trial court, must consider all of the relevant circumstances that existed at the entry of the plea. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). Our supreme court has identified several relevant factors in determining whether a plea is voluntary and intelligent:

> [A] court charged with determining whether those pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Wallen v. State*, 863 S.W.2d 34, 38 (Tenn. 1993).

Having reviewed the appellate record before us, we are not persuaded that the evidence preponderates against the lower court's determination that the petitioner entered a knowing, voluntary, and understanding guilty plea. The evidence supports a conclusion that the petitioner, though initially desirous of going to trial, accepted an advantageous plea agreement which disposed of three pending charges with a single conviction of one lesser-included offense and which would allow him to be released immediately from confinement. The transcript of the plea hearing belies the petitioner's assertions that he did not understand the agreement and that he did not voluntarily enter into it. The petitioner acknowledged understanding the state's recitations of fact, which included the disclosure that the informant was unreliable and would not be called as a witness if the matter proceeded to trial. The court thoroughly inquired and informed the petitioner, and the petitioner voiced understanding and agreement. The lower court chose not to accredit the petitioner's testimony which conflicted with the other evidence adduced at the post-conviction hearing relative to the voluntariness of the plea, as was its privilege as the finder of fact. Upon review, we are not persuaded that the lower court erred in finding that the petitioner's guilty plea was voluntarily entered.

For these reasons, we affirm the dismissal of the post-conviction petition.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-