# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
October 2006 Session

## ANTHONY KESHUN GOODS v. TONY PARKER, Warden

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8494-R1     R. Lee Moore, Judge**

---

**No. W2006-00849-CCA-R3-CO  - Filed July 24, 2007**

---

Hayes, David G., Judge, dissenting.

The majority, relying upon the authority of *McLaney v. Bell*, affirms the grant of habeas corpus relief.  However, relying upon the authority of the Tennessee Supreme Court cases discussed below, I must respectfully dissent.  My reasons are two-fold.

### 1.  Jurisdictional Error

Our supreme court's decisions have consistently held that the writ of habeas corpus reaches only jurisdictional error and may not be used as a substitute for an appeal.  After review of the issue presented in the instant case and upon application of the principles set forth in the following supreme court decisions, I am compelled to conclude that the Petitioner's collateral attack of his convictions and resulting sentences is non-jurisdictional in nature.  Thus, habeas corpus relief is not proper.

The following principles of habeas corpus jurisprudence remain inviolate:

- "[T]he writ [of habeas corpus] does not lie to correct mere errors and irregularities committed by a court that is acting within its jurisdiction . . . ." *State ex rel. Anglin v. Henderson*, 575 S.W.2d 284, 287 (Tenn. 1979) (citations omitted), *overruled on other grounds by Archer v. State*, 851 S.W.2d 157 (Tenn. 1993).  "The writ reaches <u>jurisdictional error only</u> . . . ." *Id*.  (emphasis added).

- "It is well settled in this State that a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its <u>jurisdiction</u>; that the writ of habeas corpus cannot be used to serve the purpose of an appeal or writ of error." *State ex rel. Holbrook v. Bomar*, 364 S.W.2d 887, 888 (Tenn. 1963) (emphasis added).

- "Since only a void judgment may be attacked by the remedy of habeas corpus, the question presented is always one of <u>jurisdiction</u> . . . ." *Anglin*, 575 S.W.2d at 287 (emphasis added).

- "Habeas corpus relief is available . . . only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without <u>jurisdiction or authority</u> to sentence a defendant . . . ." *Archer*, 851 S.W.2d at 164 (emphasis added).

It is conceded that, "'[j]urisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned." *Anglin*, 575 S.W.2d at 287. Nonetheless, our supreme court has recognized that not all sentencing irregularities and departures from express statutory sentencing provisions are jurisdictional and, as such, do not void the sentence. *See McConnel1 v. State*, 12 S.W.3d 795, 798 (Tenn. 2000). Non-jurisdictional irregularities or errors of the sentencing court render, at best, a judgment that is merely voidable, as opposed to void. I conclude that any sentencing error implicated in the instant case is an error which occurred in the exercise of the trial court's statutory sentencing authority, as opposed to an error where the sentencing court was without jurisdiction or authority to act. *See Holbrook*, 364 S.W.2d at 887.

In further explanation of the phrase "without jurisdiction or authority to sentence," our supreme court in *Archer* cited to the holdings of *Henderson v. State ex rel. Lance*, 419 S.W.2d 176 (1968) and *State ex rel. Barnes v. Henderson*, 423 S.W.2d 497 (1968). *Archer*, 851 S.W.2d at 163. In *Lance*, the trial court accepted the defendant's guilty plea to the charge of armed robbery, which was committed while the defendant was on parole from a prior conviction. *Id*. The plea agreement provided that the defendant would receive a five-year sentence for armed robbery and that this sentence would run concurrently with his parole violation. *Id*. On appeal, the supreme court held that the trial court was "powerless to order such a concurrent sentence" because the court's order violated the express provisions of Tennessee Code Annotated section 40-3620. *Lance*, 419 S.W.2d at 177.

Tennessee Code Annotated section 40-3620 (1956) (repealed) was not a sentencing provision within the authority of the trial court.[1] Rather, this section, codified in Title 40, Chapter 36, captioned "Paroles and Pardons," created the division of paroles and pardons and set forth the duties and powers of the division through a Board of Parole and Pardons. *See* T.C.A. §§ 40-3601 to -3626 (1956) (repealed). Tennessee Code Annotated section 40-3620, felony by parolee, directed the parole board as follows:

> If any prisoner be convicted in this state of a felony committed while on parole from a state prison, he shall, in addition to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be compelled to serve in a state prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum.

---

[1]*Lance* was decided prior to the adoption of the Rules of Criminal Procedure. It is acknowledged that Rule 32(c)(3)(A), which became effective July 1, 1982, now vests the sentencing court with jurisdiction to impose concurrent or consecutive sentences, as provided for by the Rule. In contrast to *Lance*, under current provisions, any error in the application of this Rule would constitute a voidable claim, as opposed to a void claim because jurisdiction is now statutorily vested in the court.

T.C.A. § 40-3620.

The argument advanced by the State in *Lance*, in defense of the plea agreement, was that the trial court's order that the sentence for the parole violation be served concurrently was merely a "recommendation of the trial court" to the "Board of Pardons and Paroles." *Lance*, 419 S.W.2d at 177. However, as noted by our supreme court, "[t]he statute is mandatory." *Id*. Nonetheless, our supreme court concluded that relief was warranted because the plea of guilty was made by the defendant "under a total misrepresentation of his rights," and, thus, granted the writ to allow the defendant to withdraw his guilty plea.

Implicit within *Lance* is the holding that the trial court, acting within the judicial branch of government, is without authority, under the separation of powers doctrine, to usurp the authority of the Parole Board, who acts within the executive branch of government. Our supreme court in *Archer* characterized the trial court's ruling in *Lance* as acting "without jurisdiction or authority."[2] *Archer*, 851 S.W.2d at 163. As evident from the holding in *Archer*, the term "or authority" refers to jurisdictional authority. In accord is the holding of *Taylor v. State*, which reiterated the general principle expressed in *Archer* "that where a court has jurisdiction over the person and the subject matter, and the judgment rendered is not in excess of the jurisdiction or power of the court, no error or irregularity can make the judgment void . . . ." 995 S.W.2d 78, 85 (Tenn. 1999) (citing 46 AM. JUR. 2D, *Judgments* § 14); *see also State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Clearly, while "jurisdiction or authority" was lacking in *Lance*, this is not the situation in the instant case. Here, the Shelby County Criminal Court, a court of general jurisdiction, had jurisdiction over all aspects ruled upon, including bail, the Petitioner's release on recognizance, and the concurrent or consecutive nature of the sentences to be imposed. As such, any sentencing "error or irregularity" would make the judgment of conviction merely voidable, as opposed to void.

In *Barnes*, the second case mentioned in *Archer*, the Petitioner, by means of a habeas corpus petition, challenged his conviction upon grounds that the trial court violated the mandatory sentencing provisions of Tennessee Code Annotated section 40-2310, which required that a jury fix punishment "upon a plea of guilty to a felony offense." *Barnes*, 423 S.W.2d at 500. No compliance was made with this sentencing provision. Our supreme court concluded that, although the sentencing provision was mandatory, the trial court had jurisdiction over the sentencing issue and that the Petitioner's plea of guilty waived any irregularity in the sentencing process. Accordingly, habeas corpus relief was denied. I find the facts of *Barnes* analogous to those of the case before us.

While it is beyond dispute that an illegally imposed sentence may be corrected at any time by means of the writ of habeas corpus, the holdings of *Archer* and *Taylor* require that the illegality be defined within the context of whether the court had "jurisdiction or authority" to act, as opposed to

---

[2]Of note, the *Archer* court observed that the holding in *Lance* cannot be read to stand for the broad proposition for which it has been cited. *Archer*, 851 S.W.2d at 163.

3

merely an error or irregularity in the judgment. For example, the minimum and maximum length of a sentence, as fixed by the legislature, is jurisdictional, and the trial courts are bound to respect those limits. *McConnell*, 12 S.W.3d at 798-99; *see also Stephenson v. Carlton*, 28 S.W.3d 910, 911-12 (Tenn. 2000) (trial court lacked jurisdiction or authority to impose a sentence that was not a statutorily authorized punishment on the date the crime was committed). In situations such as those in *McConnell* and *Stephenson*, where the trial courts lacked jurisdiction, habeas corpus was the appropriate remedy.

## 2. Waiver

I further conclude that, based upon supreme court case law decisions, habeas corpus relief is not authorized in this case because the Petitioner's challenged sentences stem from a guilty plea pursuant to the terms of a negotiated plea agreement.

> [T]he rule has long been firmly established and settled that a plea of guilty understandingly and voluntarily entered into on the advice of counsel constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.

*Lawrence v. Mullins*, 449 S.W.2d 224, 229 (Tenn. 1969); *see also Reed v. Henderson*, 385 F.2d 995 (6th Cir. 1967); *State ex rel. Edmonson v. Henderson*, 421 S.W.2d 635 (Tenn. 1967).

As noted *supra*, *McConnell* recognized that certain plea-bargained sentencing departures in contradiction of our sentencing laws are non-jurisdictional and do not void the sentence. *McConnell*, 12 S.W.3d at 798; *see also Hicks v. State*, 945 S.W.2d 706, 707 (Tenn. 1997) (guilty plea waives irregularity as to offender classification or release eligibility); *State v. Mahler*, 735 S.W.2d 226, 227-28 (Tenn. 1987). It follows that, if statutorily imposed sentencing classifications and release eligibility criterion are non-jurisdictional and are subject to waiver, a rule of procedure requiring the imposition of consecutive sentences may likewise be waived upon entry of a voluntary and knowing guilty plea. To hold otherwise leads to the result, in this case, that the Petitioner's pleas of guilty, although sufficient to permit waiver of all constitutional infirmities, are somehow insufficient to permit waiver of a procedural rule despite the fact that the Petitioner received the clear benefit of the plea bargain.[3]

The voidable nature of the Petitioner's sentence, if not waived, could have been remedied by a post-conviction challenge. Obviously, the Petitioner chose to ignore the available remedy because it could have, as evidenced by the individual sentences imposed in this case, resulted in an increased

---

[3]It is noted that our sentencing act is replete with statutory sentencing directives, similar in nature to the procedural sentencing rule challenged in this case, which are routinely negotiated within the plea-bargaining process. If the Petitioner's argument is accepted, any sentencing departure from these mandated provisions would present a cognizable claim for habeas corpus relief. Examples of such provisions include the repeat violent offender act, probation eligibility, enhanced punishment provisions, criminal gang offense provisions, and diversion provisions.

4

sentence of one hundred and thirty years.[4] The consequences of the seven-year delay are that the Petitioner is now barred from any collateral attack of his sentences.

Ironically, if the State had dismissed the Petitioner's theft conviction prior to sentencing, the overall sentence length would have remained unchanged due to the concurrent nature of the sentences, and the procedural error of concurrent sentencing would have been moot. Thus, the Petitioner's "sandbagging" by presenting his claim by means of habeas corpus, as opposed to a post-conviction proceeding, denies finality to the judgment and results in deterioration of the State's ability to re-prosecute the case. Moreover, it cannot be ignored that under the invited-error doctrine, a criminal defendant is not permitted to take advantage of an error that he invited, or participated in, and, as in this case, clearly received the benefits of the error.

For the above reasons, I am respectfully unable to reconcile the definitive holding of *Archer* and those cases which have followed, which apply the rule that the writ of habeas corpus reaches only jurisdictional error within the holding in *McClaney v. Bell*, which holds that the writ applies equally to non-jurisdictional errors and irregularities. As authority for the granting of the writ, *McClaney v. Bell* cites to the "history and framework" of the holdings of *Archer* and *Richie* and to the decision of *Taylor*; however, in all of these cases, relief was denied, as noted *supra*, because the error was non-jurisdictional. Moreover, *McClaney* expressly cites to *Henderson v. State ex rel. Lance* as authority for granting habe relief; however, again, as discussed *supra*, relief was warranted in *Lance* because the trial court lacked jurisdiction to usurp the authority of the Board of Parole and Pardons. It is plain that the Shelby County Criminal Court is vested with jurisdiction to impose concurrent or consecutive sentences in accordance with applicable sentencing laws and rules of procedure. Violation of a procedural rule by a court acting within its jurisdiction does not divest the court of jurisdiction. Rather, as here, had the procedural error not been voluntarily waived by the Petitioner's guilty pleas, it would have constituted a voidable, as opposed to a void sentence.

For these reasons, I would dismiss the Petitioner's application for the writ of habeas corpus.

_____
DAVID G. HAYES, JUDGE

---

[4]While on bail for the offense of theft, the Petitioner was convicted of especially aggravated robbery, second degree murder, and attempted second degree murder, and received concurrent sentences of forty-five years, fifty years, and thirty years respectively.