12L 655
1pi 240

## M. R. PARRISH v. THE STATE.

1. CRIMINAL LAW. *Competency of juror.* If a juror is related within the prohibited degree to the defendant, it is error to pass him to the accused for election or challenge.

2. SAME. *Duty of jury.* On Saturday night, while the jury had the case the court told them he would wait on them a while longer before adjournment, and if they could agree he would discharge them and have their discharge entered as of the next Monday, so that they could draw their pay for that day. No such proposition should have been made to the jury. They should return their verdict promptly, and the court should offer no inducement.

---

### FROM DEKALB.

---

Appeal in error from the Circuit Court of DeKalb county. N. W. McCONNELL, J.

J. B. ROBINSON, M. D. SMALLMAN and B. M. CANTRELL for Parish.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

Plaintiff in error was convicted of an assault with intent to commit involuntary manslaughter, and sentenced to three years in the penitentiary.

On selecting a jury, J. M. Driver was presented, who stated that the father of defendant's wife was his great uncle being a brother to the juror's grandmother. The court decided the juror to be competent.

The act of 1835, ch. 68, sec. 1, Code, 4003, pro-

vides: "No person can act as a juror in any case in which he is interested, or where either of the parties is connected with him by affinity or consanguinity within the sixth degree, computing by the civil law, except by consent of all parties."

The juror was related within the prohibited degree, and it was error to have passed him to accused for election or challenge.

After the jury had been out for several hours to consider of its verdict, it came into the court-room near bed-time on Saturday night (the court being in session), and said it had not agreed. The court asked them if they could not agree, when one of the jurors said he thought they could; then the court said; "go and try again, and see if you cannot agree, and I will wait on you a while longer to-night. If you can agree to-night, I will discharge you, and have the discharge entered up as if discharged on Monday next." The court told them that "if it was because they did not want to report that time in the night, and be discharged, that kept them from agreeing, he would have their verdict entered as if returned on Monday so they could draw their pay for that day." After an absence for a short time the jury returned with a verdict.

While it is unnecessary in the present case to say whether we would reverse for this action on the part of the trial judge, it is proper to say he should have made no such proposition to the jury. It was the duty of the jury to have returned its verdict as soon as it was agreed on, and it is not warranted in hold-

ing over for the sake of additional compensation, and we know of no law authorizing a court to offer such additional compensation as inducement to the speedier determination of a cause. For the error indicated, the judgment is reversed and the cause remanded for a new trial.