**Freddie Lamar WESTON, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Dec. 4, 1973.

Certiorari Denied by Supreme Court
March 4, 1974.

William R. Fain, III, Andrew F. Bennett, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Joseph J. Nigro and John W. Gill, Jr., Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

RUSSELL, Judge.

## OPINION

Freddie Lamar Weston was convicted of the robberies of two men, Edward L. Ball, and Glenn Arwood, and his punishment set at five (5) to fifteen (15) years in each case, to be served concurrently.

Ball and Arwood, residents of Sevier County, drove to Knoxville on the July, 1972, night in question, apparently to do some drinking and at least one of them was also interested in female companionship. They encountered the defendant and his woman companion in a tavern, and left together. After considerable driving around the Knoxville area, Weston presented a pistol and robbed Ball and Arwood. Not only did they testify to this, but so did Weston's female companion,

who had tried to talk him out of the robberies at the time of their commission.

▇ The first two assignments of error question the legal sufficiency of the convicting evidence, and the third complains that the punishment set is excessive. These questions were not raised in the motion for a new trial, and cannot be properly urged on appeal. See Rule 14(5). We would observe that these assignments are patently without merit. Evidence of guilt of not just robbery, but armed robbery, is more than sufficient; and the punishment set is within that prescribed by law for robbery. See T.C.A. § 39–2901 and Thomas v. State, 3 Tenn.Cr.App. 589, 465 S.W. 2d 887.

▇ It is said by plaintiff-in-error that "The length of time spent in the jury room by one of the court officers was so excessive as to prejudice the defendant's right to a fair and impartial jury verdict". We cannot reach the merits of this assignment of error because nothing in the record supports it. Apparently evidence upon the question was heard in a hearing upon the motion·for a new trial, but it is not included in the bill of exceptions. Furthermore, the assignment of error, in the language used, does not state a ground for a claim of reversible error. Our Supreme Court has precisely held, in the case of Gentry v. State, 184 Tenn. 299, 198 S. W.2d 643 (1947) as follows:

"(10) The fourteenth assignment is based on the charge that the officers appointed to serve the jury remained in the jury room during the entire deliberation and voting upon the guilt or innocence of the defendant. It is improper for the officers to remain in the jury room, but something more should appear to warrant the Court in finding the plaintiff-in-error entitled to a new trial on that account. There is no charge that the officers communicated with the jury in any way or that they participated to any extent whatever in the deliberation of the jury or did anything further than merely to be present."

All that is alleged here is that one of the jury officers stayed too long a time with the jury, and nothing more. The assignment is overruled.

▇ Finally, error is assigned upon the giving of the *Allen* (Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528) or "dynamite" charge by the trial judge when it was reported to him that the jury was deadlocked 9–3. Our Supreme Court has approved such a charge in several cases. See Simmons v. State, 198 Tenn. 587, 281 S.W.2d 487 (1955); High v. Lenow, 195 Tenn. 158, 258 S.W.2d 742 (1953); Hooper v. State, 205 Tenn. 246, 326 S.W.2d 448 (1959). The trial judge in the case sub judice did preface the additional charge with this: "You are here to arrive at a verdict and not a mistrial". While we disapprove of this addition to the usual *Allen* charge, it does not appear to have been unduly coercive in the total context of this case; and, in the light of our Supreme Court's holding in the case of Frady v. State, 67 Tenn. 349 (1875), wherein the trial judge said that "some twelve men had to settle the matter", that such was not error, we find no reversible error here. An instruction that coerces a jury into returning a verdict is bad. Butler v. State, 185 Tenn. 686, 207 S.W.2d 584 (1948); Taylor v. Jones, 39 Tenn. 565; Parrish v. State, 80 Tenn. 655. And, there appears to be a growing body of opinion that the *Allen* charge itself is coercive, and that a different instruction should be given a deadlocked jury. See the A.B.A. Standards Relating to Trial by Jury, § 5.4, wherein it is suggested, inter alia, that the charge be given to the jury in the first charge, before there is a deadlock.

Affirmed.

O'BRIEN and MITCHELL, JJ., concur.