David RUSHING, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 20, 1977.

Certiorari Denied by Supreme Court
May 1, 1978.

Howard F. Butler, Butler, Tune & Entre-kin, Nashville, Laurence M. McMillan, Clarksville, for appellant.

Brooks McLemore, Jr., State Atty. Gen., Robert E. Kendrick, Deputy State Atty. Gen., Nashville, C. Wade Bobo, Asst. Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted on a charge of rape of a female over twelve (12) years of age and sentenced to serve ten (10) years in the penitentiary.

The Appellant assigns thirteen (13) errors attacking the validity of the verdict. Four (4) of the assignments question the sufficiency of the evidence, four (4) are complaints concerning the separation of the jury, one (1) assignment complains that the jury deliberated on the final day of trial before court was convened, one (1) complains that a mistrial should have been granted because the jury was unable to reach a verdict, one (1) complains that a witness was allowed to testify as to self-serving statements made by the prosecutrix, one (1) complains of the court's charge that all State's witnesses did not have to testify before the grand jury, and one (1)

claims the State withheld photographs of the victim from the Appellant which were vital in the case.

The judgment is affirmed.

The evidence presented by the State and accredited by the jury shows that the prosecutrix was given a ride by the Appellant in a truck which he was driving at approximately 6:00 p. m. on July 1, 1974. The Appellant was to transport the woman to her place of employment. Instead of doing this, the Appellant drove beyond her destination and forced her to remain in the vehicle. He then placed a knife at her throat and drove into a rural area of Montgomery County. En route, he cut a t-shirt which she was wearing completely down the front. Additionally, he cut her brassiere into two pieces, the severance being made on the area between the two cups of the garment. When they arrived at a secluded area beside a large creek the Appellant forced the woman to disrobe and he then penetrated her sexually but did not ejaculate. After an unsuccessful attempt to require her to commit fellatio upon him, the Appellant ordered the woman to re-clothe herself. The Appellant then directed her to return to the truck. As they were walking in that direction, the woman turned and the Appellant slashed her with the knife. This inflicted a wound extending six and one-half (6½) to seven (7) inches across the breast bone between the breasts, which penetrated one and one-half (1½) inches into the sternum.

In opposition to the State's evidence, the Appellant claimed he had never seen the woman prior to being charged with this offense and offered evidence of an alibi.

■ The Appellant, in attacking this judgment, is faced with the well known rule that a verdict of guilt, approved by the trial judge, accredits the testimony of the witnesses and resolves all conflicts in the evidence in favor of the State, and establishes the State's theory of the case. A case may not be reversed on appeal on the weight of the evidence unless the evidence clearly preponderates against the verdict of guilt and in favor of the innocence of the

accused. *State v. Grace*, 493 S.W.2d 474 (Tenn.1973); *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963). The jury has resolved the conflict in the testimony of the witnesses in favor of the State. The claim that the evidence preponderates against the verdict of the jury is not sustained by this record. *Rowan v. State*, 212 Tenn. 224, 369 S.W.2d 543 (1963).

■ The Appellant in his attack on the verdict says it shows passion, prejudice and caprice on the part of the jury. The punishment for the offense of which he is convicted is imprisonment for life or for a period of not less than ten (10) years. T.C.A. § 39–3702. The punishment fixed by the jury is the minimum punishment and it is within the limits allowed by the law. It does not evidence passion, prejudice or caprice. *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963).

■ The claim that the trial judge should have directed a verdict of acquittal at the close of the proof is not well taken. When, as here, the evidence does not preponderate against the verdict of the jury, a directed verdict should not be granted by the trial judge. *Taylor v. State*, 2 Tenn.Cr.App. 459, 455 S.W.2d 168 (1970).

The Appellant complains that the trial judge should not have brought the jurors from the jury room after they had begun deliberation and allowed them to separate to their homes for the night.

His complaint on this matter is that the action of the trial judge did not comply with T.C.A § 40–2528 which allows separation of jurors in non-capital cases on agreement of the State and an accused.

The record indicates that at the commencement of the trial both sides agreed to allow the jury to separate. The Appellant asserts that his agreement was conditioned on the trial judge inquiring of the jurors each morning as to whether anyone had attempted to influence them in the case. After the proof, argument of counsel, and charge of the trial court was given, the trial judge dismissed two (2) alternate jurors who had been selected and the regular jury retired to deliberate. This occurred at approximately 6:00 p. m. on the third day of the trial. At 9:30 p. m. the trial judge had the jury returned to the courtroom where they reported a lack of progress in reaching a verdict. At the jury's request, the trial judge allowed them to deliberate until nearly 10:00 p. m. The jury was again returned to the courtroom and announced they wished to go home for the night and return the next morning for further deliberation.

The Appellant claims that his agreement to allow the jury to separate was breached because the alternate jurors had been discharged and could not be asked on the following morning if they had been approached about the case.

The Appellant's assertion that this breached his conditional agreement to allow the separation of the jury is unfounded. The alternate jurors had completed their duties. They were not to decide the case. Whether they were approached or not was meaningless. This could have no effect on the regular jury.

■ Involved in the complaint about the jury being allowed to go home is the assertion that once the jury had been given the case to decide, they were then in the process of deliberation and neither the court nor attorneys could agree to allow them to separate. We think this view seeks to impose a broad definition of deliberation not intended by the statute or compelled by law.

■ Deliberation in the context of the jury function means that a properly formed jury, comprised of the number of qualified persons required by law, are within the secrecy of the jury room analyzing, discussing and weighing the evidence which they have heard with a view to reaching a verdict based upon the law applicable to the facts of the case as they find them to be. Such deliberation can only be carried on by the lawful number of jurors in the presence of all. When the trial judge adjourns court and allows the jury to separate, deliberation within the meaning of T.C.A. § 40–2528 ceases, and does not resume until the jurors are reassembled in the proper setting and

context of the trial process. We, therefore, hold that the jury was not allowed to separate while deliberating as claimed by the Appellant.

■ Further, the trial judge assembled the jury the following morning and inquired of them whether anyone had attempted to interfere with them or influence their judgment. Each responded that they had not been approached by anyone. Even if the jury had been erroneously allowed to separate, there is no showing that this affected the verdict of the jury. Unless some prejudice is shown by the separation of the jury any error therein is harmless. *Wheeler v. State*, 539 S.W.2d 812 (Tenn.Cr.App. 1976); *Wade v. State*, 524 S.W.2d 497 (Tenn.Cr.App.1975).

■ The Appellant asserts that some of the jurors were seen conversing together as they left the courtroom after court was recessed on the evening in question and that one juror was seen talking to the Assistant District Attorney General who prosecuted the case. However, there was no showing that the jurors were discussing the case and the claim concerning the Assistant District Attorney General and a juror is not supported by the record.

■ The Appellant further complains in this regard that the trial judge, by allowing the jurors to go home, deprived him of having a jury which was unable to reach a verdict. He asserts that noises from the jury room indicated a hung jury and the trial judge, by bringing them into the courtroom, interrupted the jury and then they were ultimately able to reach a verdict of guilty. There is nothing in this record to indicate the jury could not reach a verdict. The foreman requested additional time to deliberate prior to the jury being allowed to go home and it was his request, on behalf of the jury, that they be allowed to return the following day for further deliberation. Unless the trial judge's actions cause a jury to reach a verdict in such a manner that it is patently not their free and untrammeled verdict, a new trial will not be granted. See *Kersey v. State*, 525 S.W.2d 139 (Tenn.

1975); *Weston v. State*, 506 S.W.2d 946 (Tenn.Cr.App.1973).

The Appellant further complains that the jury was allowed to assemble and deliberate without court being formally opened.

■ It appears that on the morning of December 15, 1976, the jurors returned to the courthouse and a deputy sheriff who was in charge of the jury put them in the jury room and gave them the charge of the court and the indictment. The Appellant's attorney alerted the Assistant District Attorney General to this who required the officer to retrieve the papers. The judge then came into the courtroom and court was formally opened. The jury was then questioned as to whether anyone had attempted to contact or influence them, and they were then sent, along with the proper papers in the case, to deliberate. The record reveals that the presence of the jury in the jury room with the papers prior to the opening of court was for only about three (3) minutes. We do not see that this prejudiced the Appellant.

In the overall context of the issue, we see nothing to show any jury misconduct which would overthrow the presumption that the jury acted properly. *Steadman v. State*, 199 Tenn. 66, 282 S.W.2d 777 (1955).

The Appellant claims that he should be granted a new trial because the State did not reveal to him a picture which showed the scar on the woman's chest which resulted from the cut sustained by her. The Appellant asserts that this prejudiced him in his defense of this case because the photograph was important to contradict the testimony concerning the nature, method and extent of the wound. The picture sought was not used by the State because it did not show the face of the woman and the Asst. District Attorney General felt it was not sufficient for identification purposes.

■ In the overall context of this case, we fail to see how the absence of this picture prejudiced the Appellant. The medical proof shows that a wound was inflicted and the record reveals that a scar, although not exhibited to the jury, was on

the woman's chest. The Appellant insisted throughout the case that he did not rape the woman and that he did not see her or go about her on the day of this offense. Furthermore, if this evidence was vital to his defense, the best evidence of the location of the scar was present on the witness stand for several hours being examined by the attorneys. Counsel could have asked the jury to view the scar in its actual setting.

· The complaint about the alleged self-serving statement by the prosecutrix to a witness and the charge of the trial court concerning witnesses before the grand jury is not briefed on appeal and are waived. However, we see no error.in either of these complaints.

The judgment of the trial court is affirmed.

DUNCAN and TATUM, JJ., concur.