[No. B090362. Second Dist., Div. Two. July 8, 1997.]

NANCY BORMANN, Plaintiff and Appellant, v.
CHEVRON USA, INC., Defendant and Respondent.

## COUNSEL

James P. Carr, Esner, Higa & Chang, Andrew N. Chang and Stuart B. Esner for Plaintiff and Appellant.

Haight, Brown & Bonesteel, Roy G. Weatherup, Margaret Johnson Wiley, Jeffrey A. Warfield, Brownwood, Rice & Zurawski and Kellie Terhufen for Defendant and Respondent.

## OPINION

**FUKUTO, Acting P. J.**—In this case, during a weekend separation of the deliberating jury, a juror prepared a written statement of her views of the evidence, which she read to the jury when it reconvened. The question presented is whether this was misconduct. We hold that it was not, and affirm the judgment.

### I.

Appellant Nancy Bormann brought this action against Chevron USA, Inc., for the wrongful death of her son, an employee of a Chevron subcontractor, who had been killed when the heavy tractor he was operating rolled over while traversing a dirt hill maintained on Chevron's oil field. The case was tried to a jury. After receiving the court's instructions, the jury retired to deliberate at 1:30 p.m. on a Friday.

The jury had before it a special verdict that included questions about negligence, causation, damages, and comparative negligence. According to the declarations of several jurors presented on motion for new trial, the jury on Friday afternoon voted nine to three against Chevron on the issues of negligence and causation. The court then excused the jury for the weekend.

The jury resumed deliberations at 9:30 a.m. the following Monday. According to the jurors' declarations, at the outset Juror C., who had voted with the minority on Friday, stated that over the weekend she had prepared a statement, or notes, of her views of the evidence. According to one juror, Juror C. added that she had had difficulty verbalizing her views; another juror recounted that Juror C. stated she hadn't been able to sleep and had stayed up all night preparing the statement.

Juror C. proceeded to read to the jury her typewritten statement of two and one-half pages, which comprised a strong argument, from the evidence, against Chevron's having been negligent. The statement contained no facts that had not been elicited at trial. The writing apparently was not read by any other jurors, nor did it become part of the record.

One juror questioned the propriety of Juror C.'s reading the statement, and the jury notified the judge of this question. After conferring with counsel, the court told the jury that what had occurred was not improper, as long as the juror in question was not refusing to deliberate.[1] The jury then resumed its deliberations, and about an hour later returned a nine-to-three verdict for Chevron, determined on the issue of negligence. Plaintiff's motion for new trial based on jury misconduct was subsequently denied.

## II.

In assessing whether Juror C. committed misconduct, we first note what she did not do. There was no evidence that the juror refused to deliberate with the rest of the jury. Nor was there evidence that she consulted any extrajudicial or nonevidentiary source in preparing her statement. Likewise, the evidence was unanimous that the statement itself did not include any facts outside the evidence. In short, the written statement that Juror C. read comprised her own views of the evidence, albeit arranged and transcribed at home, during a weekend separation of the jury.

Appellant's argument of misconduct hinges squarely on the circumstance that the juror composed her thoughts, and her writing, outside the jury room. Appellant contends that both forms of conduct constituted forbidden deliberation outside the presence of the whole jury. But the notion that a juror may not think about the case out of court after it has been submitted is not only impracticable but also legally inaccurate.

Appellant relies on a creative construction of BAJI No. 15.40 (8th ed. 1994), which was given in this case and which states that during separation

---

[1]The court stated, in part: "A position on paper does not add or detract from anything, except that you may not simply say, 'Here. Read this, I have nothing else to say,' because, if you do that, you are not deliberating."

the jurors "must not discuss with anyone any subject connected with this trial," and "must not deliberate further upon the case until all 12 of you are together and reassembled in the jury room." Appellant reasons that use of the term "deliberate" in the second clause, as distinguished from "discuss" in the first, indicates that "deliberate" refers to a juror's thinking about the case.

This position is both legally and linguistically unsound. Code of Civil Procedure section 611, which BAJI No. 15.40 implements, provides that when the jurors are permitted to separate, either before or after submission of the case, the court shall instruct that they are "not to converse with, or suffer themselves to be addressed by any other person, on any subject of the trial, and that it is their duty not to form or express an opinion thereon until the case is finally submitted to them." Thus, the code provides that following submission jurors may, as they must, form opinions about the case, which involves thinking about it. Moreover, although the verb "to deliberate" connotes reflection, with or without the participation of others, "deliberation" by a jury means a collective process, not the solitary ruminations of individual jurors. (See Pen. Code, § 1128.) Indeed, the Tennessee case that set down the definition of deliberation found in Black's Law Dictionary (6th ed. 1990), page 427, column 1 (cited by both sides), did so in the course of limiting that term to the activities and process conducted by jurors assembled together. (*Rushing* v. *State* (Tenn.Crim.App. 1978) 565 S.W.2d. 893, 895-896.)[2]

If Juror C.'s pondering the case outside the jury room was not misconduct, the remaining question is whether it was misconduct for her to prepare and then consult in the deliberations her out-of-court reduction of her thoughts to writing. On this question, both sides cite *Wagner* v. *Doulton* (1980) 112 Cal.App.3d 945 [169 Cal.Rptr. 550] (*Wagner*), a highway accident case in which a juror who was an engineer prepared and displayed in deliberations a scale map of the accident site. The juror's initial declaration in opposition to motion for new trial affirmed that he had prepared the diagram based only on the evidence, but did not clearly state whether he had done so outside of deliberations. The trial court expressed concern about a map prepared at home rather than in the jury room. After receiving further declarations to the effect that the juror had done the drawing in the jury room, the court denied the motion for new trial.

Affirming, the Court of Appeal first rejected the appellant's assertion that the diagram had been prepared outside of court. Viewing that question as

---

[2]"Deliberation in the context of the jury function means that a properly formed jury, comprised of the number of qualified persons required by law, are within the secrecy of the jury room analyzing, discussing and weighing the evidence which they have heard with a view to reaching a verdict." (565 S.W.2d at p. 895.)

one of fact that had been decided on conflicting evidence, the court stated: "By denying appellant's motion for new trial, the court by implication found that [the juror] did prepare the diagram in the jury room and that there was no jury misconduct." (*Wagner, supra*, 112 Cal.App.3d at p. 949.) The court then ruled that ". . . it is not misconduct for a juror to make a diagram in the jury room based solely on the evidence received in court." (*Id.* at p. 950.) Quoting an out-of-state decision, the court explained: " 'The sketch complained of was not a foreign evidentiary document . . . . It represented nothing more than [the juror's] idea of what the testimony disclosed. This idea he could present to the jury without misconduct. . . .' [Citation.] In our case, the diagram prepared by juror Johnston was a pictorial representation of his idea of the testimony he heard during trial." (*Id.* at pp. 950-951.)

Contrary to the implications of appellant's argument, the holding that there had been no misconduct in *Wagner, supra*, 112 Cal.App.3d 945, did not turn on the fact that the juror's diagram had been prepared in the jury room rather than at home. Although the court approved the trial court's resolution of the factual issue, it made no ruling about the propriety or misconduct of preparing writings at home during separation from deliberations. What the court did find determinative was that the writing in question neither derived from nor constituted matter foreign to the evidence. Rather, it was "a pictorial representation of [the juror's] idea of the testimony he heard during trial." (*Id.* at p. 951.)

The same is a fortiori true of the typewritten notes or statement that Juror C. prepared and read in the present case. The declarations showed that Juror C. prepared this writing as a recital of her impressions of the evidence, in order to assist her in orally communicating those ideas to the rest of the jury.[3] To hold this to be misconduct would mean the same would be true of a few words on scratch paper, or a gummed reminder of a question, which a juror wished to raise in deliberations when they reconvened. But as long as such notations are the product of the juror's own thought processes and the evidence, rather than extraneous influences, their making or consultation does not exceed the boundaries of proper conduct.

Appellant is not aided by certain local court rules which provide that jurors' notebooks are to be retained in the courtroom when court is not in session. (Super. Ct. L.A. County Rules, rules 8.37, 8.38.) Appellant asserts that "[t]he plain purpose of the[se] rule[s] is to prevent jurors from reviewing and perhaps amending their notes while in recess." That is not necessarily true: the authority appellant cites concerning the rules states that their

---

[3]Unlike the juror in *Wagner, supra*, 112 Cal.App.3d 945, Juror C. did not display the contents of her writing to the jury.

purpose is to preserve the confidentiality of juror notes and deliberations. (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1996) ¶ 7.43, pp. 7-10-7-11.) But in any event, the present case involves not extrajudicial review of contemporaneous in-court notes about evidence heard and seen, but original notation of a juror's individual mental processes outside of court.

Appellant's position ultimately is that the integrity of jury deliberations requires that jurors not be permitted to think about the case except when assembled together, and that they refrain from introducing into deliberations ideas about the evidence developed outside one another's presence. This may or may not be a worthy ideal. But the Legislature has long resolved to permit jurors to recess and separate during deliberations, while strictly barring them from receiving outside evidence or influences. (See Code Civ. Proc., § 611.) These rules do not, as they cannot, prohibit jurors who have reached the stage of being entitled to form opinions about the case (*ibid.*) from individually contemplating the evidence and the outcome while separated. Moreover, the permissibility of jurors' recording ideas that they wish to share in deliberations is consistent with the requirement and promise that all jurors actively and fully participate in those deliberations. (See *People* v. *Collins* (1976) 17 Cal.3d 687, 693 [131 Cal.Rptr. 782, 552 P.2d 742].) Juror C.'s conduct in this case was not misconduct.

## III.

The judgment is affirmed.

Nott, J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 1997. Mosk, J., was of the opinion that the petition should be granted.