IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 11, 2018

**STATE OF TENNESSEE v. GREGORY L. HATTON**

**Appeal from the Circuit Court for Giles County**
**No. 1290-1296      Robert L. Jones, Judge**

_____

**No. M2018-00909-CCA-R3-CD**

_____

The pro se Defendant, Gregory L. Hatton, appeals the Giles County Circuit Court's summary denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

Gregory L. Hatton, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 18, 1977, the Defendant pleaded guilty to armed robbery, first degree burglary, two counts of simple kidnapping, assault with intent to commit murder, grand larceny, and rape.  Gregory Hatton v. State, No. M2000-00756-CCA-R3-PC, 2001 WL 567845, at *1 (Tenn. Crim. App. May 25, 2001) (designating the case "Not for Citation").  The trial court sentenced the Defendant to thirty years for the armed robbery, five to fifteen years for the burglary, four to ten years for each of the kidnappings, three to twenty-one years for the assault, three to ten years for the larceny, and life imprisonment for the rape.  Id.  The trial court ordered the sentences to be served concurrently, except for the armed robbery sentence, which was ordered to be served consecutively to the life sentence for rape, for a total effective sentence of life plus thirty years.  Id.

On February 19, 1981, the Defendant filed a motion for new trial, which the trial court considered as a petition for post-conviction relief. Id. In his motion, the Defendant challenged the validity of his guilty pleas. Specifically, the Defendant argued that the prosecutor offered him a plea of ninety years, but instead he was sentenced by the trial court judge to life plus thirty years. At the conclusion of the evidentiary hearing, the trial court found that the guilty pleas were knowingly and voluntarily entered, that the trial court judge followed "very carefully all of the law, rules and regulations with reference to accepting guilty pleas[,]" and that the Defendant "freely, voluntarily and understandingly waived his right to a trial by jury."[1] The trial court's decision was affirmed on appeal. Id. (citing State v. Gregory Hatton, No. 81-275-III (Tenn. Crim. App., at Nashville, Aug. 13, 1982)).

On October 21, 1994, the Defendant filed his second petition for post-conviction relief claiming that he received ineffective assistance of counsel, that his consecutive sentence was illegal, and again challenging his guilty pleas. Id. at *2-3. The trial court denied the Defendant's petition, concluding that it was barred by the statute of limitations. Id. at *1. This court affirmed that decision and also held that the constitutional claims had been previously determined or waived. Id. at *2. This court nevertheless addressed the Defendant's illegal sentence claim on the merits and held that "[t]he sentence imposed [was] well within the statutory limitations." Id. at *3.

In 1996, the Defendant filed a petition for writ of habeas corpus arguing that the judgment entered on his rape conviction was void because the indictment failed to allege the mens rea of the crime. Id. at *1. The trial court denied the petition, and this court affirmed on appeal. Id. (citing Gregory L. Hatton v. State, No. 02C01-9611-CC-00407 (Tenn. Crim. App. Feb. 19, 1997)).

On February 15, 2013, the Defendant filed a petition for post-conviction DNA analysis. Gregory L. Hatton v. State, No. M2015-01830-CCA-R3-PC, 2016 WL 4627401, at *1 (Tenn. Crim. App. Sept. 6, 2016), perm. app. denied (Tenn. Nov. 16, 2016). Finding that there was no evidence still in existence upon which DNA analysis could be conducted, the trial court summarily dismissed the petition. Id. at *2. This court affirmed on appeal. Id. at *3.

On August 17, 2015, the Defendant filed a pro se petition for writ of error coram nobis, asserting the existence of newly discovered evidence, challenging that his guilty pleas were not knowing and voluntary, and claiming ineffective assistance of counsel.

---

[1] This information is found in the Defendant's 1981 appeal file No. 1408, the record of which was ordered to be included in the appellate record as indicated in the trial court's order denying Rule 36.1 relief from May 2, 2018.

<u>Gregory L. Hatton v. State</u>, No. M2016-00225-CCA-R3-ECN, 2016 WL 4082465, at *1 (Tenn. Crim. App. Aug. 1, 2016), <u>perm. app. denied</u> (Tenn. Oct. 20, 2016). The trial court summarily dismissed the petition, finding that it was barred by the statute of limitations and failed to state a cognizable claim, and this court affirmed on appeal. <u>Id.</u> at *2-3.

On February 23, 2018, the Defendant filed the instant motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In his motion, the Defendant raised the following claims: "(1) Whether the trial court imposed the sentence term of natural life for the rape conviction upon the [Defendant] in direct contravention of the Sentencing Guidelines as set out in, Tenn. Code Ann. § 39-3702 (Supp[.] 1977), therefore, rendering his sentence term of natural life illegal?; (2) Whether the trial court imposed consecutive sentencing upon the [Defendant] in direct contravention of the Tennessee Supreme Court ruling in <u>Gray v. State</u>, 538 S.W.2d 391 (Tenn. 1976)?; and (3) Whether the trial court imposed sentencing upon the [Defendant] in direct contravention of Tenn. Code Ann. § 40-2310 (Supp. 1977)?"

On May 2, 2018, the trial court issued a written order summarily dismissing the Defendant's motion. In the order, the trial court found:

> All of the factual and legal issues raised by this 2018 petition were fully litigated in 1981 in Case No. 1408 before the late Judge Joe M. Ingram and affirmed by the Court of Criminal Appeals.
>
> The [Defendant] now contends that thirty years was the maximum sentence for rape at the time of his 1977 crime, but even the statute cited by him shows that rape carried a sentence of up to life at the time. He further complains that the plea agreement called for a ten-year sentence for armed robbery and that the late Judge Sam L. Lewis imposed a sentence of thirty years, in spite of the State's recommendation of ten years. He also complains that Judge Lewis violated the principles in <u>Gray v. State</u>, 538 S.W.2d 391 (Tenn. 1976), by ordering that the life and thirty-year sentences run consecutively.
>
> Those same issues were expressly litigated before Judge Ingram in this court in 1981 and addressed by the Court of Criminal Appeals in 1982 in finding that the sentences were properly imposed.
>
> This [Defendant] also filed, in 1994, a Petition for Post-Conviction Relief in Case No. 1408, but the Clerk assigned it a new number, 6947. In that case, the Petitioner was denied relief in the trial court by Judge Jim T.

Hamilton. The Court of Criminal Appeals found some error with regard to the summary dismissal, but proceeded to decide on the merits that the sentences were not illegal.

. . . .

This Court concludes that neither sentence, nor the running of them consecutively, was illegal. Therefore, there is no Rule 36.1 colorable claim.

It is from this order that the Defendant timely appeals.

## ANALYSIS

On appeal, the Defendant argues that (1) the trial court summarily denied his motion in direct contravention of Rule 36.1(b)(2) of the Tennessee Rules of Criminal Procedure by failing to notify the State of the Defendant's motion; (2) the trial court improperly sentenced him to a term of natural life for his rape conviction in direct contravention of Tennessee Code Annotated section 39-3702; (3) the trial court violated Tennessee Code Annotated section 40-2310 by imposing sentence on its own rather than impaneling a jury to determine punishment; and (4) the trial court imposed consecutive sentencing in violation of Gray v. State, 583 S.W.2d 391 (Tenn. 1976). The State counters that the Defendant has failed to present a colorable claim for relief because his claims generally attack the methodology used to impose his sentence, rather than the legality of the sentence itself.

As an initial matter, it appears that the Defendant failed to attach to his motion a "copy of each judgment order at issue" as required by Rule 36.1. See Tenn. R. Crim. P. 36.1(a)(1) ("The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents."). The absence of the judgments somewhat hampers our review given that several of the Defendant's arguments involve critical information contained in those documents. Nevertheless, we address the Defendant's arguments on the merits and conclude that the Defendant failed to establish a colorable claim for relief under Rule 36.1. Accordingly, the trial court properly denied the Defendant's motion.

Rule 36.1 allows a defendant or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). For the purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim

brought under Rule 36.1, the defendant must establish a colorable claim that the sentence is illegal.  Tenn. R. Crim. P. 36.1(b)(2).  For the purposes of Rule 36.1, a colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1."  State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).  The determination of whether a Rule 36.1 motion states a colorable claim is a question of law, which this court reviews de novo.  Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

**I.  <u>Summary Denial of the Defendant's Motion.</u>**  First, the Defendant argues that the trial court summarily denied his motion without notifying the State of the motion and affording the State an opportunity to file a response in direct contravention of Rule 36.1(b)(1) of the Tennessee Rules of Criminal Procedure.  The State counters that the rule does not command a response from the opposing party and instead encourages summary dismissal for meritless claims.

Rule 36.1(b) states:

> (1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party.  The adverse party shall have thirty days within which to file a written response to the motion.

> (2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order.  If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

Tenn. R. Crim. P. 36.1(b)(1)-(2).  Here, while the trial court did not notify the State of the Defendant's filing, the Defendant in his reply brief to this court, "concede[d] that the State [was] correct that he provided a copy of his, *pro se* [']Motion To Correct An Illegal Sentence['] via first class U.S. Mail to the State."  Therefore, the State was given notice of the motion and an opportunity to file a response.  Further, the rule explicitly provides for summary denial if the court determines that the motion fails to state a colorable claim.  Because the trial court was authorized to summarily deny the motion, the Defendant is not entitled to relief on this issue.

**II.  <u>Natural Life Sentence for Rape Conviction.</u>**  Next, the Defendant argues that the trial court erred in imposing a sentence term of natural life for his rape conviction in direct contravention of Tennessee Code Annotation section 39-3702 thereby rendering his sentence illegal.  The State responds that the Defendant received a sentence of life imprisonment as authorized by the statute at the time of the Defendant's offense.

The rape statute in effect during February 1977, when the Defendant committed the offense, provided for the following punishment:

> Whoever is convicted of the rape of any female under twelve (12) years of age shall suffer death by electrocution. Whoever is convicted of the rape of any female over the age of twelve (12) years shall be punished by imprisonment in the penitentiary for life or for a period of not less than ten (10) years.

T.C.A. § 39-3702 (current version at T.C.A. § 39-13-503); Rushing v. State, 565 S.W.2d 893, 895 (Tenn. Crim. App. 1977) ("The punishment for [rape] . . . is imprisonment for life or for a period of not less than ten (10) years (quoting T.C.A. § 39-3702)). The Defendant does not argue that life imprisonment was inapplicable to his convictions. Instead, he argues that the term "natural life" as used by the trial court judge during sentencing was improper. The July 18, 1977 guilty plea hearing transcript provided in the appellate record includes the following language spoken by the trial court:

> In the case of State of Tennessee vs. Gregory Lamont Hatton, #1293, wherein you are charged with rape, upon your plea of guilty to rape it is the judgment of this Court that you be found guilty and that you be sentenced to confinement in the penitentiary of this state for your natural life.

While the judgment of conviction form for the rape offense is not included in the record, our review of what appears to be the court minutes from 1977 indicates that the Defendant was in fact sentenced to "life imprisonment in the State Penitentiary according to the rules and regulations thereof[.]" This is further corroborated by this court's past opinions involving the Defendant's various appeals. Because the applicable statute authorized the Defendant's sentence, he has failed to present a colorable claim. He is not entitled to relief on this issue.

Additionally, the Defendant alleges that his sentence for "natural life" subjects him to "disproportionate punishment which denied him of the right not to be subjected to cruel and unusual punishment and due process of law in violation of [the] Eighth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 9 and 16." However, errors implicating constitutional violations render judgments voidable, not void, and are not colorable claims under Rule 36.1. State v. Brandon D. Washington, No. W2016-00413-CCA-R3-CD, 2017 WL 2493685, *2 (Tenn. Crim. App. June 9, 2017), perm. app denied (Tenn. Oct. 4, 2017) (citing State v. Sammie Lee Taylor, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. June 6, 2016)).

**III. Court Imposed Punishment.** Next, the Defendant argues that the trial court violated Tennessee Code Annotated section 40-2310 by imposing a sentence of life imprisonment on its own, rather than impaneling a jury to determine punishment, thus rendering his sentence illegal. The State responds that the Defendant waived his right to a jury trial and determination.

Code section 40-2310, in effect in 1977, provides that "[u]pon the plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the time of confinement[.]" T.C.A. § 40-2310 (repealed 1979); State v. Durso, 645 S.W.2d 753, 757 (Tenn. 1983); Ingram v. Henderson, 454 S.W.2d 167, 170 (Tenn. Crim. App. 1970). However, this is not a constitutionally afforded right and may be waived when a defendant enters a plea and allows a judgment of conviction to become final. Ingram, 454 S.W.2d at 170; Shephard v. Henderson, 449 S.W.2d 726, 731 (Tenn. Crim. App. 1969) (internal citations omitted).

Here, the record shows that the Defendant waived his right to have a jury impaneled to determine his punishment. The 1977 court minutes, signed by the Defendant, specifically state that "[t]he defendant, . . . desires and elects to waive his right to a trial by jury and to submit his case to the Court for decision both as to the question of guilt and punishment, and moves the Court that his case be tried and disposed of accordingly without the intervention of a jury." Further, during the 1977 guilty plea hearing, the following conversation occurred:

> The Court: Do you further understand that by waiving your right to a trial by jury, that this Court, that is, that I, as the Court, will determine your guilt or innocence and in the event you are found guilty will assess any punishment in these cases. Do you understand that, sir?

> [The Defendant]: Yes, I do.

Because the record shows that the Defendant waived his right to impanel a jury to determine punishment, he has failed to state a colorable claim for relief. Additionally, any argument that his guilty pleas were invalid is without merit because his guilty pleas have been previously upheld by this court. See Gregory Hatton, 2001WL 567845, at *1. Accordingly, the Defendant is not entitled to relief on this issue.

**IV. Consecutive Sentences.** Finally, the Defendant argues that the trial court failed to make the proper findings to justify consecutive sentencing in violation of Gray v. State, 583 S.W.2d 391 (Tenn. 1976). The State argues, and we agree, that this court has already observed that consecutive sentencing was authorized for the Defendant's offenses. [The Defendant previously raised the issue regarding the validity of

consecutive sentences in his 1994 post-conviction petition.  See Gregory Hatton, 2001 WL 567845, at *2-3.  In that appeal, this court held that "[t]he sentence imposed [was] well within the statutory limitations."  Id. at *3.  Because this claim has been previously litigated, see State v. Donaven Brown, No. W2017-02532-CCA-R3-CD, 2018 WL 2966954, at *2 (Tenn. Crim. App. June 8, 2018) (reasoning that this court is prevented from revisiting issues previously litigated), and because consecutive sentencing was proper, the Defendant has failed to state a colorable claim.  He is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE